# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| ROBERT B.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 17-01946-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Robert B. appeals the Commissioner's final decision denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2] For the reasons discussed below, the

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Although neither party mentions Plaintiff's application for SSI, the ALJ's decision applies to Plaintiff's applications for DIB and SSI. See Dkt. 21, Joint Stipulation at 2; Dkt. 16, Administrative Record 53, 65.

Commissioner's decision is affirmed and this matter is dismissed with prejudice.

## I. BACKGROUND

In 2013, Plaintiff filed an application for DIB alleging disability beginning on September 15, 2011. See Dkt. 16, Administrative Record ("AR") 244-50. After Plaintiff's application was denied at the initial and reconsideration levels, he requested a hearing before an Administrative Law Judge ("ALJ"). See AR 177, 191, 202. On October 26, 2015, Plaintiff filed an application for SSI, again alleging disability on September 15, 2011. See AR 53. A hearing concerning Plaintiff's DIB and SSI applications was held on February 11, 2016, at which Plaintiff and a vocational expert ("VE") testified. See AR 147-64. On March 28, 2016, the ALJ issued a decision finding that Plaintiff was not disabled. See AR 50-68.

In her decision, the ALJ determined that Plaintiff had severe impairments of degenerative disc disease, status post anterior lumbar decompression and fusion; left shoulder rotator cuff repair with extensive debridement of labrum and rotator cuff with subacromial decompression and distal clavicle resection; right shoulder surgery; and previous obesity. See AR 55. The ALJ found that Plaintiff retained the residual functional capacity to perform light work with the following limitations: Plaintiff could lift and carry up to 10 pounds frequently and 20 pounds occasionally; could sit, stand or walk for 6 hours in an 8-hour day; could occasionally climb stairs, balance, stoop, kneel, crouch, crawl, and reach overhead bilaterally; could never climb ladders, ropes, or scaffolds; and must avoid concentrated exposure to commercial vibration, unprotected heights, and moving and dangerous machinery. See AR 58. Based on the testimony of the VE, the ALJ found that Plaintiff could perform his past relevant work as a service advisor. See AR 64.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 9-13. Plaintiff then sought review by this Court. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ properly evaluated the opinion of Dr. George Watkin, the agreed medical examiner in Plaintiff's workers' compensation case. See Dkt. 21, Joint Stipulation ("JS") at 4.

## A. Applicable Law

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 404.1527(c), 416.927(c)[3]; Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a nonexamining physician. See Lester, 81 F.3d at 830. When a treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830). Where such an opinion is contradicted, the ALJ must provide only "specific

---

[3] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, the Court applies the versions of 20 C.F.R. §§ 404.1527 and 416.927 that were in effect at the time of the ALJ's March 2016 decision.

and legitimate reasons that are supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. See 20 C.F.R. §§ 404.1527(c)(2)-(6); 416.927(c)(2)-(6).

**B.**   **Relevant Factual Background**

Dr. Watkin examined Plaintiff on April 11, 2013 and December 10, 2013.[4] See AR 412-50, 637-54. Among other findings, Dr. Watkin noted decreased range of motion in Plaintiff's left shoulder and lower back. See AR 441, 644, 646, 649. Dr. Watkin opined that "concerning the left shoulder, [Plaintiff] should be prophylactically precluded from heavy lifting, pushing, pulling, and [] work above shoulder level," and "with respect to the low back, [Plaintiff] should be performing semi-sedentary work with the ability to sit, stand, and lay down at will." AR 651.[5]

---

[4] The report from April 2013 is mostly illegible but appears to contain similar findings to the December 2013 report. See AR 412-50. Plaintiff disregards this report completely, and the ALJ referenced it only minimally. See JS at 4-7. The Court therefore considers those portions of the April 2013 report which are legible, but otherwise focuses its analysis on the December 2013 report.

[5] Under California workers' compensation law, a restriction to semi-sedentary work signifies that an individual can "do work approximately 50% of the time in a sitting position, and approximately 50% of the time in a standing or walking position, with a minimum of demands for physical effort

The ALJ assigned "little weight" to Dr. Watkin's opinion, noting that Dr. Watkin's opinion in the context of a workers' compensation case that Plaintiff was "permanent and stationary" was not relevant in the Social Security disability context. AR 63.[6] The ALJ also reasoned that "the severity of limitations assessed" were "inconsistent with [Plaintiff's] record as a whole," referring specifically to findings from a March 13, 2014 examination by treating orthopedic surgeon Dr. Eric Korsch, and to Plaintiff's testimony at the hearing that "his left shoulder symptoms had decreased." AR 60, 63.

In contrast, the ALJ assigned great weight to the opinions of state agency reviewing physicians Dr. Stuart Laiken and Dr. S. Garcia. See AR 62.[7] Drs. Laiken and Garcia opined that Plaintiff could sit and stand/walk for 6 hours each in an 8-hour workday; could frequently lift and carry 10 pounds; could occasionally lift and carry 20 pounds, climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and reach overhead with the left arm; could never climb ladders, ropes, or scaffolds; and needed to avoid concentrated exposure to vibration and hazards such as machinery or heights. See AR 172-74, 185-87.

---

whether standing, walking or sitting." Ramos v. Colvin, No. 14-00775, 2015 WL 419973, at *8 (C. D. Cal. Jan. 30, 2015).

[6] In the workers' compensation context, a disability becomes "permanent" when an employee "has reached maximal medical improvement, meaning his or her condition is well stabilized, and unlikely to change substantially in the next year with or without medical treatment." Cal. Code Regs., tit. 8 § 10152.

[7] Additionally, the ALJ gave some weight to the opinion of consultative examiner Dr. Todd Anderson and gave no weight to the opinion of Dr. Korsch. See AR 61-63. Plaintiff does not contest the weight afforded to these opinions. See JS at 4-13, 18.

**C.** **Analysis**

Plaintiff argues that the ALJ failed to give specific and legitimate reasons supported by substantial evidence for discounting Dr. Watkin's opinion. See JS 8-12. The Court disagrees.

First, the ALJ properly discounted Dr. Watkin's opinion because it was inconsistent with Plaintiff's testimony regarding his left shoulder symptoms and functional limitations. During the relevant period, Plaintiff underwent surgery on his left shoulder. See AR 458-64. Dr. Watkin documented pain and decreased range of motion in the left shoulder but unremarkable findings concerning the right shoulder (on which Plaintiff had undergone surgery in 2007). See AR 416, 441, 447, 643-44, 649, 651. At the hearing, the following exchange about Plaintiff's shoulders took place:

ALJ: So talk to me about how your shoulder is doing now.

PLAINTIFF: The shoulder pain is still in my right arm. I can't lift very much.

ALJ: I think your left shoulder was the shoulder with the problem.

PLAINTIFF: I had shoulders—I had a shoulder operation on both shoulders.

ALJ: Okay. All right. So you're—go ahead with your right arm. You're still having problems lifting?

PLAINTIFF: It still hurts to do it.

ALJ: Reaching overhead?

PLAINTIFF: Yeah, reaching overhead, lifting anything. I don't know if it's—if the shoulder is damaged again. The left arm is better, but I'm more right-handed so it's—

. . .

ALJ: Can you get your tee-shirts on and off by yourself?

PLAINTIFF: With my left arm, yes.

> ALJ: Okay, but you can get your—so you put your right arm in
> down low and then the left arm in—
>
> PLAINTIFF: And then—
>
> ALJ: —high?
>
> Plaintiff: Yes.

AR 156-57. In contrast with Dr. Watkin's findings, Plaintiff did not mention any pain or difficulty lifting with his left arm despite the ALJ's prompting, and testified that he could put on shirts by reaching with the left arm. See AR 156-57, 644, 649, 651. The ALJ was permitted to discount Dr. Watkin's opinion to the extent that it conflicted with Plaintiff's own testimony. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601-02 (9th Cir. 1999) (holding ALJ justifiably rejected treating psychiatrist's opinion because of conflict between assessed limitations and Plaintiff's daily activities); Myers v. Barnhart, No. 04-00994, 2006 WL 1663848, at *6 n.7 (C.D. Cal. June 6, 2006) ("[A] treating physician's assessment of a claimant's restrictions may be rejected to the extent it appears to be inconsistent with the level of activity the claimant maintains, or contradicts Plaintiff's testimony.") (internal citation omitted).

Second, at least with regard to Plaintiff's lower back symptoms, the Court agrees that the record as a whole does not support Dr. Watkin's assessed limitations. Dr. Watkin's findings regarding Plaintiff's back were admittedly mixed. Dr. Watkin noted loss of range of motion of the lumbar spine, bilateral tenderness over the lumbosacral spine and paralumbar muscles, bilateral paravertebral muscle spasm with flattening of the normal lordosis, positive straight leg raising tests, and numbness of the bilateral legs to the groin and decreased sensation below the knees. See AR 443-44, 646, 649. However, Dr. Watkin also observed normal spinal alignment upon standing, palpable pulses, no antalgic gait, and the ability to walk on heels and toes satisfactorily

(although Plaintiff demonstrated difficulty here in December 2013). See AR 443-44, 646.

As the ALJ noted, Dr. Korsch's findings were much milder than Dr. Watkin's. See AR 63.[8] Before Plaintiff's October 2012 lumbar spine fusion surgery, Dr. Korsch documented antalgic gait, difficulty with heel-walking and toe-walking bilaterally, positive straight leg raising tests, and 50% loss of range of motion of the lumbar spine; following surgery, however, Plaintiff had only 25% loss of lumbar spine range of motion and minimal lumbar tenderness, could heel-walk and toe-walk bilaterally, and had normal reflex, sensory, and power testing to the bilateral upper and lower extremities, negative straight-leg raising and bowstring tests bilaterally, normal gait, negative femoral stretches bilaterally, and normal lower extremity pulses bilaterally.[9] See AR 399, 631, 667, 676.

Likewise, Dr. Anderson's November 2013 consultative examination found "essentially normal strength" in all major muscle groups of the upper and lower extremities, sensation grossly within normal limits in all cervical and lumbar dermatomes, normal (though not brisk) reflexes in the lower extremities, negative straight leg raising tests bilaterally, a negative flip test, no evidence of muscle tone or spasm in the thoracolumbar spine, and normal

---

[8] Plaintiff argues that the ALJ was not entitled to consider Dr. Korsch's clinical findings in discounting Dr. Watkin's opinion because the ALJ had rejected Dr. Korsch's opinion. See JS at 11. The Court disagrees. Dr. Korsch's opinion that Plaintiff was "temporarily totally disabled," which the ALJ rejected as having no probative value to Plaintiff's Social Security disability case, is distinct from the clinical findings underlying that opinion. See AR 63, 631, 671.

[9] Additionally, a physical examination from the day after Plaintiff's lumbar spine surgery indicated no pain to palpation along the lumbar paraspinal region and intact sensation in the lower extremities. See AR 488.

posture in static stance. AR 634-35. Therefore, despite Plaintiff's "slight lumbar tenderness," "shuffling gait," and difficulty with toe and heel walking "mainly secondary to pain and lack of effort," Dr. Anderson's findings were largely unremarkable. Id. While Dr. Anderson documented limited range of motion of the lumbar spine, his test results for forward flexion and left and right rotation indicated that Plaintiff had at least twice the range of motion as Dr. Watkin recorded. See AR 634-35, 646.[10]

The ALJ was entitled to resolve the conflict between the medical reports of Drs. Watkin, Korsch, and Anderson. See Morgan, 169 F.3d at 603 ("The ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity."). Substantial evidence supports the ALJ's determination that the medical evidence was inconsistent with the severity of Dr. Watkin's assessed limitations concerning Plaintiff's lower back, including that Plaintiff would need to sit, stand, and lay down at will. See AR 651.

Neither party addresses whether the ALJ discounted Dr. Watkin's opinion because it was issued in the workers' compensation context. That terms used in the workers' compensation context may not be relevant to a finding of disability under the Social Security Act is not a sufficient basis to discount a medical opinion. See Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings."). In the Court's opinion, the ALJ used this reasoning only to reject Dr. Watkin's opinion that Plaintiff was "permanent and stationary." But even if the ALJ did reject Dr. Watkin's entire opinion for this improper

_____

[10] Regarding lumbar spine extension, Dr. Anderson noted that Plaintiff "refuse[d] to extend, saying it hurts." AR 635.

reason, any such error was harmless because the ALJ provided specific and legitimate reasons for discounting Dr. Watkin's opinion. <u>See</u> <u>Dunn v. Berryhill</u>, 722 F. App'x 684, 684 (9th Cir. 2018).

Because ALJ gave specific and legitimate reasons for discounting Dr. Watkin's opinion, remand is not warranted.

## III. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Date: March 8, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge